Good morning. I am Jennifer Coffin. I'm here today on behalf of Cody King. I'd like to serve three minutes of my time. Thank you. The single best reading of Congress's directive at 994H is that it excludes state drug offenses. Binding case law does the rest. The Supreme Court's decision in Levant and this court's application of Levant in Butler and more recently in Bricker establish that the Sentencing Commission has no authority to include state drug offenses as career offender predicates. To the extent that its definition of controlled substance offense does include state drug offenses, it is invalid. Because Mr. King was sentenced based on an erroneous view of the law, he should be resentenced. So I think the answer to that is both the Supreme Court's decision in Levant and this court's decision in Butler. Butler applied Levant to the Commission's implementation of a specific directive that had a limitation in it or actually you could call it a floor. It said that it had to provide for an enhancement if a defendant is 21 and older and it uses a minor to commit an offense. And the Commission in implementing that directive both satisfied the directive by including defendants 21 and older, but added all other defendants. So it added a category. And this court said that the Commission couldn't do that under Levant because it's a specific directive. It had to bow to the terms of that directive and it couldn't do more because that's what Congress intended. Because of, I guess I have to go back to Butler again, is that once Congress makes explicit in a specific directive exactly what it intends an enhancement to be for, the Commission cannot add categories to that enhancement. And I don't think that Levant itself says anything that would suggest that this is a one-way ratchet. It says that when Congress speaks in the form of a specific directive, the Commission has to bow to the terms of that directive. Under its limited delegate authority, it can't also use other authority in its general discretionary operational authority, I guess you could say, can't just do any other things. And that's the nature of a specific directive. And I think the best case for that, again, I just keep having to go back to Levant, but we also have Bricker where this court very recently relied on Levant to say that the Sentencing Commission cannot interpret a directive or a statute by the Commission in a way that's different from its plain terms, as interpreted by the court. If we follow your argument, Well, I would say after, well, every single one of the cases that the government cites in its brief, except for one, comes to the conclusion before Levant was decided, and before the Supreme Court decided Torres v. Lynch, where it told us how we view the phrase described in when used in a statute in a very similar way. So I can't say that it would be a circuit split with what those cases would do if they applied the current tools and the current law that governs this question. The only case that is after those cases is Jones, and that was in 2021 in the Tenth Circuit. And Jones doesn't cite Levant, and it doesn't cite Torres v. Lynch. So I don't, I mean, yes, it would create a functional split, but you would be the right, you would be giving the right answer. And I, I guess I think I would like to also say, just be, yes, the waiver issue. Yes. I, so the plea agreement says that the defendant agrees not to challenge the characterization of him as a career offender. Argument at sentencing was this, your argument, but couched as an It suggests to me the government had no reason to bring the bar up then at the sentencing because there wasn't a direct attack on the designation, but now you're making a direct attack. So why wouldn't we, we apply the plea agreement? Well, I would say this, to the extent that Mr. King was making an, even though it was the argument was that the commission exceeded, exceeds its authority by including state drug priors. That was as part of a policy-based argument, and it is a quintessential policy-based argument to say that the commission has not exercised its policymaking authority legally. So, so the government probably didn't object to that argument because it was a perfectly valid argument to make. You can make a claim of error within a discretionary decision-making process. I would say now that we're... If that argument were, if your argument is successful, then the two state predicates are taken off the table. Yes. And he is not a career offender, right? Yes. So the resulting judgment is the designation as career offender is out. Yes. That's the exact thing that he said he wasn't going to challenge. Well... I'm just, I can't, help me understand how that isn't just barred by that. Well, I think what it is is that under the current way that sentencing works, there are two ways really to skin the cat. You can do an objection to the designation, or you can make a policy-based argument, and there's no limit to the grounds that you can make, as long as they are not sounding in reason and empirical evidence and the law. And so he made this argument, and I recognize that what it means is if the court holds the way that Mr. King asks it to and that this is an invalid designation, then that will mean he is not a career offender. So in terms of what it means for him... So you're saying the policy, are you making a policy argument? You're saying that that was the argument in sentencing. I'm saying that's the argument he made at sentencing, and it included a legal challenge to the commission's authority to do this, and that's what I'm appealing, and you're right, the outcome of that challenge, should I prevail, would be he is not a career offender. And so therefore, the district court was... It sentenced Mr. King under an erroneous view of the law, which requires remand for resentencing. And if that means, you know, that it means the judge is now going to be viewing his sentence under the correct view of the law, which is that he is not a career offender, then that very likely would lead to a different result. And so remand is required for that reason. I recognize that this does appear, though, you know, this is... What I'm really doing is, in effect, an objection to the PSR that wasn't made, but again, to the extent that what happened in the district court was an objection to his designation as the career offender, if that's what the court sees it as, again, the government didn't say, hey, you can't make this argument because, in effect, you are objecting to the PSR and you said you wouldn't. And I would also point out that... The defense counsel also said, well, technically, he's a career offender. I mean, I'm not sure what... So if I'm the government and I'm like, okay, I'm taking out your word, you're agreeing that he's a career offender, and then you're going to say, okay, but you should grant a variance because this is unjust, because actually the commission doesn't even have the power to do this, and it should be the basis of a variance, okay? So then I say, well, you're not technically objecting to the career offender designation, so the plea agreement doesn't bar it, so we're going to do that. But now on appeal, it looks like there's a switch in the argument and you're saying, okay, no, we're going to take out that legal basis for the variance and make it as a stand-alone argument. So, I mean, that's why... Well, I think we have to think about... Here's what I would ask the court to do, is think about it. There's a difference between whether he waived this legal challenge or whether the plea agreement made it so that he couldn't make this legal challenge. And because the argument was raised, it was considered, it was passed on, then it was preserved for appeal. That's a different question from whether he said something or did something that might have been inconsistent with the plea agreement, and the government at the time didn't say you can't do that. So if we're thinking about whether this issue was raised, it was raised. I don't think we can say that it was waived under the principles of waiver as we see in these cases. I think the one thing that might be true is because he raised this challenge later in the proceeding, and because I'm actually setting it up as what does appear to be a freestanding claim, if you don't review it de novo, you could review it for plain error. And because of the clear meaning of the directive and the binding case law that has happened since Williams, it's clear that the directive doesn't include state drug offenses and that the commission exceeded its authority by including them. So I would say that at... So you're saying your argument, if we were reviewing for plain error, you would still prevail because of the nature of it. I mean, it's basically the commission is acting ultra virus, and that would satisfy plain error. It would have to. Exactly. Exactly. So for waiver purposes, it was raised. The question whether it's de novo or plain error review might be an issue because of the way it was raised and the way that I'm presenting it now. But I think the plain error standard is met, as I explained in my brief. And I feel like I'm out of time. And if anyone else, thank you very much. Thank you. May it please the court. My name is Brian Samuelson, and I represent the United States. The defendant has waived the argument that he is not a career offender. He told the district court, in fact, repeatedly, the exact opposite. His sentencing memorandum said that he was a career offender. That's on page 160 of the record. His motion for a variance said that he was a career offender. That's on page 176. His attorney said that he was a career offender at the sentencing hearing. That's page 389. And not only that, defense counsel said at the sentencing hearing that he had no objection to the PSR. Are you saying that there's a waiver putting aside the plea agreement, or are you relying on the plea agreement, too? Obviously, the court considers them together. I think even without the plea agreement, there is probably waiver or at least invited error. All of these statements were said against... I'm not sure he waived. He did raise the Levante, and we can quibble with how applicable we think that case is to this specific issue. But he did raise that, and he cited the case. He clearly raised this idea that the commission couldn't do this. It was couched as a variance argument, not as a, I'm not a career offender, right? Yes. Because he says, technically, I am, but I have this argument. The district court clearly didn't think it was persuasive. So nobody got sandbagged, right? I mean, it was out there. The argument was made. It was passed on. We come up on appeal. Now they've, yes, they've switched the theory a little bit just to make it not a variance argument. Why is that not just properly in front of us, then? Well, one, we do have the language in the plea agreement that says he agrees not to contest his career offender designation, and that directly contradicts statements in the appellate brief that he is not a career offender. So I think that certainly bars an appeal on that grounds. I also think this idea that there was this legal argument embedded as a policy argument is a contradiction in terms. He was either contesting his career offender designation, or he was not. And he told the district court that he was not. He said, I am a career offender. That applies. So he was raising it as a policy disagreement, as a variance. And that does make a real difference. That is a substantively different argument. The essence of an argument for a variance is a deviation from an already established guidelines range. But for his argument, for his variance argument to be successful, the way that I read it to the district court, he was saying, in order for my argument to be successful, you have to accept that the commission couldn't do this. And that's basically the question that we have. Can the commission do this or not? Yes, it's a roundabout way. I mean, it's an odd way to do it. But I mean, things aren't exactly neat and tidy every time with trial court proceedings. So why wasn't that enough? I mean, it's not a crazy. You still have to resolve this kind of, does the commission have this power or not? And it seemed to me the district court, it wasn't like district court said, well, I kind of agree with you. The commission is completely off the rails, but I'm not going to grant you a variance. I mean, the district court didn't seem to think that it was just a persuasive argument at all. Your Honor, because it was framed as a policy disagreement, it did not require the district court to engage with the merits of the legal argument. I mean, the essence of a policy disagreement is what should the law be or what should the guidelines actually apply. So I don't think this was raised in such a way that the district court was actually required to go back and recalculate the guidelines. And that's confirmed at a number of points in the overall context of the sentencing hearing supports that. The court had already resolved the applicable guideline range. In the defendant's own words, the substance of his request for variance was based on the history and characteristics of the defendant and the fact that there was this amendment to the sentencing commission. So this inclusion of Levant, yes, there was a citation to Levant, but it came essentially in rebuttal. You know, the district court says, I'll give you the last word, and then this Levant is raised. It was not raised in a robust way. We don't have the textual arguments that we have on appeal. We don't have the canons of interpretation that we have on appeal. So I don't think the court was on notice that the defendant was asking the court to go back and reevaluate the guidelines range. And that's confirmed by the Bostick question at the end. The court asks the Bostick question at the end, and the defendant says, I don't think you've addressed the policy disagreement based on 9994H. He doesn't say, I think you've calculated my guidelines range wrong. And so I don't think the court was on notice that the district defendant was challenging his guidelines range, particularly in light of an explicit agreement not to challenge his career offender designation. And the prosecutor wasn't on notice either, which is why nobody raised the plea agreement. I think that's strong evidence that nobody thought the defendant was challenging his career offender designation. And certainly nobody was authorizing the defendant to appeal his career offender designation given that the district court thought that it should apply. So at the very least, that provision in his plea agreement should bar this appeal. I'm going to turn very briefly to the merits of the legal argument, because I think framing is important here. 28 U.S.C. 994A gives the sentencing commission general authority to make recommendations about the appropriate length of a prison term. So the question on appeal, should the court reach it, which I don't think it should, is not whether 994H authorizes the sentencing commission to count state offenses as career offender predicates. 994A already does that. The question is whether 994H claws back that authority to count state offenses as predicates. And nothing in that provision does. And there are two points I want to make here. The first is about the scope of 994H itself. The United States v. Williams, which is a published binding case, agrees with the majority of circuits that, quote, 994H provides the minimum obligation of the commission and does not prohibit the inclusion of additional offenses that qualify for such treatment. It sets a floor and not a ceiling. And that resolves the legal question here. I mean, that argument was accepted at a time when I think the courts generally were willing to defer to agencies. Fraud delegations were OK. Fraud language is OK. I mean, now we're opposed to what we're right. You know, we've got cases in our circuit where we've questioned kind of the commission and the authority it has and how broadly it exercises that authority. I mean, saying that it's a floor just gives it, doesn't that just give the commission kind of the broad license that we don't kind of accept anymore? It gives the commission the broad license that Congress has authorized. So I think the through line that Your Honor is mentioning of these recent cases is that both agencies and courts need to defer to the will of Congress. And Congress has said in 994A that the Sentencing Commission has authority to recommend sentences. It also says in 994I, you know, it requires the commission to impose substantial sentences or recommend substantial sentences to those with two state priors. And of course, Congress has tacitly consented to these guidelines by, you know, not modifying them and not accepting them when they've been presented. So here we have congressional, we have indication that Congress itself supports this kind of treatment of these offenders or at least supports the Sentencing Commission's authority to recommend these kinds of sentences. So this is not about deferring to the Sentencing Commission. It's about deferring to clear congressional directives, Your Honor. And even if, even under the plain terms of the language itself, I mean, our argument does not rely on deference. It relies on a plain reading of 994H, the most natural reading of which is that it is a statute of inclusion. It identifies offenses that must be included as career offender predicates. And through its silence, it doesn't say anything about other offenses. So even if the phrase described in does not reach state offenses, that would only prove that the Sentencing Commission is not required to include state law offenses as career offender predicates. And the question is whether the Sentencing Commission is allowed to do, to include state offenses. And the answer is yes, under the plain language of 994A. Adam, so wait. Williams, LeBont, and then Ward. Your Honor, LeBont essentially says that the Sentencing Commission must bow to the will of Congress. But that, that was not, that doesn't affect Williams' holding because Williams looked at the plain language of the statutory text itself, 994H, and said this is not an exhaustive list of career offender predicates, which is precisely the question here on appeal. So the idea that the Sentencing Commission must bow to the will of Congress does not do anything to undermine Williams, Your Honor. So these recent trend of cases, Williams is still good law in light of those cases. And I think it resolves the legal question here. Certainly, it precludes the finding of plain error. If this Court were to find, say, forfeiture, invited error, and review for plain error, defense counsel has not pointed to any binding cases or any cases that have found that state law offenses cannot count as career offender predicates. And a lack of binding authority does preclude a finding of plain error, as does a circuit split. And here there is not yet a circuit split. The circuit cases point the other way. So in any event, there would not be plain error based on the current state of the case law. So in short, the defendant's sentence here was both substantively and procedurally reasonable. The defendant has waived his challenge to the career offender designation, and that challenge does not have merit in any event. So unless there are any other questions, I urge the panel to affirm. Thank you very much. Thank you. This is Tom. I have to bring my glasses. So the government has suggested that perhaps the commission has relied on its other general delegated authority to promulgate guidelines to require sentences at or near the maximum for offenders with prior state drug offenses. The problem with that argument is that the commission hasn't done that. So, you know, if in theory that that's something that the commission could do, and I do think in Williams there's a suggestion, or it does say that that's what the commission could do with respect to federal conspiracy offenses, which is a totally different ball of wax from state prior offenses. There is no evidence or record or indication anywhere that the sentencing commission was relying on its general delegated authority to include state drug offenses. And in fact, in 2016, in its career offender report, it explained that drug trafficking only career offenders should not be career offenders under 3553A, which is the, if you're looking at the general delegated authority, they're supposed to promulgate guidelines to satisfy 3553A. The commission itself has said that including drug trafficking only offenders doesn't serve 3553A. So it's not doing this to satisfy other directives. And it suggested that the only reason it hasn't been able to fix it is because of 994H. So the idea that that's what the commission was doing is nowhere, there's nothing that can be pointed to in the record of the commission to suggest that that is the case. So if it were true that the commission was doing that, it would be contrary to the statutes as well. The other thing I wanted to say really quickly, and I agree with you, Judge Nalbandian, that in this new era, we do not defer to reasonable interpretations. And in Williams, that's of the commission. And in Williams, there was discussion that what the commission had done with respect to federal conspiracy offenses was a reasonable interpretation of 994. So we don't do that anymore. The court interprets 994H and then looks to see if the commission has done something that's contrary to 994H. And finally, oh, I would like to also say that if it comes to plain error, error can be plain at the time of appeal. The Supreme Court said that in Henderson. So this court could hold that the commission had exceeded its authority. And under Henderson, that would be plain error, even though this is the binding decision that makes that decision. The very last thing I'd like to do is read from the transcript. The government suggests that this argument wasn't made, clearly as a legal argument. But I'm looking at page 416, and he says, let's see, the disparity argument we'd make on policy disagreement. The court has the ability, based on policy disagreement, to reject the guideline based upon an unreasonable application. I think that this case, having the state offenses being the basis for a career offender, is unreasonable. And the reason being, it's not specifically mentioned in the statute. It was something that was directed by the guidelines. So I don't think that's an appropriate basis. That is this argument. And even though it's couched as a variance, it was made. And I think, as Judge Nalvanian, you mentioned, there's no surprise here. And it's been fully briefed. The court has the opportunity, the reason, and the duty to interpret 994H and decide this question here and remand the case for resentencing. Thank you. Thank you. The case shall be submitted.